IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SHERMAN GRAVES, § | |
| § | |
| Plaintiff , § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-132 |
| § | |
| L&M BO-TRUC RENTAL, INC., § | |
| § | |
| Defendant. § | |

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This case arises out of injuries allegedly sustained by Sherman Graves ("Plaintiff") while working on the Bo-Truc No. 21 while it was at the dock in Cameron, Louisiana. Now before the Court comes Defendant's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons stated below, Defendant's Motion is **DENIED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries in Louisiana on or about January 30, 2006 as a result of Defendant's negligence. Plaintiff was and still is a resident of Florida.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that the availability and convenience of key witnesses would be increased by transfer to the Eastern District of Louisiana. To support this argument, Defendant has identified several witnesses located across the Gulf Coast. First, Defendant notes that it is a Louisiana resident. Defendant then identifies all of the crewmembers aboard the vessel at the time of the accident, but notes that none of them were eyewitnesses to the alleged accident. The crewmembers are scattered throughout Texas, Louisiana, and Mississippi. Defendant also identified Mr. Jay Ougel, an L&M Bo-Truc safety director. Mr. Ougel resides in Galliano, Louisiana. Finally, Defendant notes that most of Plaintiff's treating physicians reside in Florida.

Defendant's arguments are somewhat unpersuasive since those witnesses who are employed by L&M Bo-Truc can be compelled to testify, and the Court attaches diminished weight to their convenience. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Additionally, the testimony of the treating physicians can be secured by deposition to the extent it will actually be used in trial.

Plaintiff responds that his current treating physicians as well as his expert economist reside in the Southern District of Texas. These witnesses are retained experts who can be compelled to testify or whose testimony can be presented by deposition.

With witnesses scattered all over the Gulf Coast, any forum will be inconvenient for at least some of the witnesses. Since most of the witnesses can be presented by deposition or are employed by Defendant, there is no compelling reason to transfer this case to the requested court. This factor does not weigh for or against transfer.

B. *Cost of Trial*

Defendant argues that trial will be more expensive here than in the Eastern District of Louisiana since most witnesses will have to travel further to get here. However, Defendant fails to note that several of Plaintiff's key witnesses actually reside in this District. There is unavoidable cost associated with any litigation. Since witnesses are literally scattered all over the Gulf Coast, Defendant has not shown such an overwhelming cost differential between a trial here and one in Louisiana as to militate transfer. This factor does not weigh for or against transfer.

*C. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference when since he is not a resident of this District. *See, e.g.*, *Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). However, Plaintiff is also not a resident of the Eastern District of Louisiana. Though his choice of forum is entitled to less deference than it would normally be afforded, it is still entitled to some deference, and this factor weighs in favor of retention.

*E. Place of the Alleged Wrong*

The alleged wrong took place in Cameron, Louisiana. Though the residents of this Division have little, if any, interest in the outcome of this case, it is not so inextricably intertwined with the citizenry of Louisiana as to require transfer. This factor does not weigh for or against transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is set for trial in February, 2007. Transfer at this date would not necessarily result in significant delay. This factor does not weigh for or against transfer.

### IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit and the well-prepared submissions of both sides, the Court concludes that Defendant has not carried its burden of demonstrating that transferring this case to the Eastern District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 19th day of October, 2006 at Galveston, Texas.

Samuel B. Kent
United States District Judge